POLLARD, APPELLANT, *v.* O'CONNOR, APPELLEE.

(No. 7232—Decided May 15, 1950.)

*Mr. Fred L. Hoffman,* for appellant.
*Mr. Robert G. McIntosh,* for appellee.

*Per Curiam.* Plaintiff, who was a passenger in an automobile being driven west on Losantiville avenue by her husband, was injured when it collided with an automobile being driven south on Fairhurst avenue by the defendant in the northwest quarter of the intersection of such avenues.

The streets named are of equal sanction, so that, although defendant, approaching from the right, had the right of way, no question of contributory negligence on the part of the husband may be imputed to this plaintiff.

The court instructed a verdict for defendant at the close of plaintiff's evidence, and the appeal on questions of law is from that judgment.

It was dark, there had been a drizzle and the surface of the streets was wet.

Plaintiff's husband testified in substance that the front of his car had reached a point approximately five feet west of the east curb line of Fairhurst avenue when he saw defendant's car approximately 30 feet north of the north curb line of Losantiville avenue; that when he reached a point where the front of his car was about 10 feet west of the west curb line of Fairhurst avenue, leaving about six feet of the rear part of the car in the northwest quarter of the intersection,

defendant, while making a right turn, struck the right rear fender and wheel of his car; that defendant first denied, then admitted that he did not stop at the intersection; and that defendant did not blow his horn.

This testimony is corroborated by the witness Vogt, who was standing about a 100 feet away on the south sidewalk of Losantiville avenue.

There are certain ambiguities in the testimony of the defendant, called as on cross-examination, which must be resolved against him for the purposes of the motion, such as:

"Q. Now Mr. O'Connor, you didn't blow your horn before you entered the intersection? A. Yes sir."

Construing this testimony most strongly in favor of the plaintiff for the purposes of the motion, it raises the issue of whether the defendant had lost his preferential right and exercised due care by turning in the intersection. Upon such issues, it seems to the court, reasonable minds might differ, so that it was error to direct a verdict for the defendant.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.